IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NAIROBI WANNAMAKER, | § | |
| | § | |
| Defendant Below, | § | No. 104, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2008006841 (K) |
| | § | |
| Appellee. | § | |

Submitted:  June 15, 2022
Decided:  August 8, 2022

## **ORDER**

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Nairobi Wannamaker, filed this appeal from a Superior Court order denying his motion to correct an illegal sentence.  The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Wannamaker's opening brief that the appeal is without merit.  We agree and affirm.

(2)    The record reflects that, in November 2020, a grand jury indicted Wannamaker for multiple crimes arising from an August 15, 2020 break-in.  On October 27, 2021, Wannamaker pleaded guilty to one count of second-degree

burglary and one count of possession of a firearm by a person prohibited ("PFBPP"). As part of the plea agreement, the parties recommended the following sentence: (i) for second-degree burglary, eight years of Level V incarceration suspended for one year of Level III probation; and (ii) for PFBPP, eight years of Level V incarceration suspended after the five-year minimum mandatory for one year of Level III probation. The Superior Court imposed the recommended sentence.

(3) Wannamaker did not appeal, but did file a motion for correction of illegal sentence. He argued that the five-year minimum portion of his PFBPP sentence was illegal. The Superior Court denied the motion, finding that the sentence was imposed under the parties' plea agreement and that the five-year portion of PFBPP sentence fell within the statutory range. Wannamaker filed a motion for reargument, which the Superior Court denied. This appeal followed.

(4) This Court reviews the denial of a motion for correction of illegal sentence for abuse of discretion.[1] We review questions of law *de novo*.[2] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[3]

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[2] *Id.*
[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

2

(5)  As he did below, Wannamaker argues in his opening brief that his PFBPP sentence is illegal because his PFBPP conviction under 11 *Del. C.* § 1448(a)(1) did not authorize a five-year minimum sentence under 11 *Del. C.* § 1448(e)(1).  He is mistaken.

(6)  At the time of Wannamaker's crimes in August 2020, a person " having been convicted in this State or elsewhere of a felony or a crime of violence involving physical injury to another, whether or not armed with or having in possession any weapon during the commission of such felony or crime of violence" was prohibited from possessing a deadly weapon.[4]  A prohibited person who knowingly possessed a firearm was subject to a minimum sentence of "[f]ive years at Level V, if the person does so within 10 years of the date of conviction for any violent felony or the date of termination of all periods of incarceration or confinement imposed pursuant to said conviction, whichever is the later date."[5]

(7)  In the signed plea agreement, Wannamaker agreed to a recommended PFBPP sentence of eight years Level V incarceration suspended after the five-year minimum mandatory for probation.  A five-year minimum mandatory sentence was consistent with the indictment for the PFBPP charge, which reflected that Wannamaker had an October 27, 2010 conviction for second-degree burglary in Cr.

---

[4] 11 *Del. C.* § 1448(a)(1) (effective from Dec. 17, 2018 to Oct. 19, 2021).
[5] *Id.* § 1448(e)(1)(b).

ID No. 1001019866. Section 4201(c) designates second-degree burglary a violent felony. Based on his commission of PFBPP within ten years of his conviction for second-degree burglary, Wannamaker was subject to a five-year minimum sentence for PFBPP under Section 1448(e)(1)(b). The Superior Court did not err in denying Wanamaker's motion for correction of illegal sentence.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

4